IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

LAWRENCE E. VINCENT,
                Petitioner

      -vs-

J.T. SHARTLE, et al.
                Respondents.

---

CASE NO. 4:10 CV 0943

**MEMORANDUM OF OPINION AND ORDER DENYING AND DISMISSING HABEAS PETITION**

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Before the court is pro se petitioner Lawrence Vincent's ("Mr. Vincent") above-captioned action against Warden J.T. Shartle at the Federal Correction Center in Elkton, Ohio (F.C.I. Elkton). Mr. Vincent, who is incarcerated at the F.C.I. Elkton, brings this action pursuant to 28 U.S.C. § 2241. Specifically, the Petitioner asserts he

is entitled to credit on his federal sentence, for the period 7 May 2007 until 1 September 2008, pursuant to 18 U.S.C. §3585(b).

## Background

Mr. Vincent was charged in a twelve count Indictment on 1 May 2007 in the United States District Court for the Northern District of West Virginia. He was arrested by local authorities six days later and charged, *inter alia*, with Delivery of Controlled Substance (Crack Cocaine). At that time, Mr. Vincent was on parole from an earlier state conviction. The federal authorities borrowed petitioner from state custody on 8 May 2007, so that he might appear for his arraignment on federal charges. The Petitioner was returned to the state the same day.

Mr. Vincent contends that on 25 June 2007, the State of West Virginia "agreed to postpone the state charges, that resulted from the federal arrest and federally involved charges, so Petitioner could have the two charges ran [sic] concurrently together." (Pet. at 1). The Petitioner claims this explains why his bond was allegedly revoked by the federal court on 5 July 2007.

Mr. Vincent remained in state custody, but was transported to federal court via writ of *habeas corpus ad prosequendum* to plead guilty to violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was sentenced to 57 months in prison by the United States District Court for the Northern District of West Virginia on 4 December 2007.

The Petitioner further claims the Circuit Court of Marion County West Virginia allegedly sentenced petitioner to "time served" on 8 August 2008, and "[as a result, [he]

2

commenced his federal time originally initiated on June 25, 2007, on September 2, 2008." (Pet. at 1.)

While imprisoned at F.C.I. Elkton, Mr. Vincent learned he had not received credit on his federal sentence for the time from his arrest – 7 May 2007 – through the commencement of his federal sentence – 2 September 2008. In response, he filed a Request for Administrative Remedy on 29 July 2009 with his Unit Team requesting sentence credit. The request was denied with the explanation that the Petitioner was already awarded credit against his state sentence for the same period. Mr. Vincent appealed that determination to Warden Shartle, arguing that because the state sentence was the "product of the federal charge(s) . . . the time spent in state custody is still time Petitioner is due pursuant to the Statute and related statutory holdings Petitioner used as a basis for his claim." (Pet. at 2). The warden denied the Petitioner's request finding, as did the Unit Team, that Mr. Vincent had already received credit against his state sentence for the same period.

On appeal to Regional Director J.L. Norwood, Mr. Vincent renewed his request for credit. The request was partially granted by Mr. Norwood who provided the following procedural history:

> [O]n May 7, 2007, you were arrested by local law enforcement officials in West Virginia and charged with Delivery of Controlled Substance (Crack Cocaine), Delivery of Controlled Substance (Cocaine w/in 1000 feet of a protected location), and Conspiracy to Commit/Deliver Controlled Substance. On May 7, 2007, you were borrowed from West Virginia state authorities, via a federal writ of habeas corpus, for an initial appearance on a federal indictment, filed May 1, 2007, in the United States District Court for the Northern District of West Virginia. On May 8, 2007, you received bond on the federal charges and were returned to state custody. On December 4, 2007, while on federal writ, you were sentenced before the Northern District of West Virginia, U.S. District Court, for Distribution of

3

> Cocaine Base to 57 months. You were returned to state custody and a federal detainer was lodged. On April 1, 2008, you were found to have violated a previously imposed West Virginia State probation in criminal case 03-F-96. Your suspended sentence was reinstated by the Marion County (West Virginia) Circuit Court.
>
> On August 7, 2008, the Marion County Circuit Court granted your Motion for Reconsideration of Sentence. The Court placed you on probation for a period of five years, and ordered you released into federal custody. A request has been forwarded to the Designation and Sentence Computation Center, to review the order and to determine whether the order has an impact on the calculation of your federal sentence. You must continue the administrative remedy process in order to be advised of their determination.

(Letter from Norwood to Vincent of 9/24/09, at 1.) On 5 October 2009, Mr. Vincent appealed this decision to the General Counsel.

In a letter to United States District Court Judge Irene Keeley, dated 11 December 2009, Chief Delbart Sauers of the Designation and Sentence Computation Center (DSCC) requested the judge's opinion regarding a retroactive designation of the state prison for service of Mr. Vincent's federal sentence. Judge Keeley responded in a letter dated 9 February 2010, wherein she opined that petitioner was entitled to 28 days credit against his federal sentence based upon his criminal history and custody status between 8 August 2008 and 2 September 2008.

Finally, the National Inmate Appeals Administrator, Harrell Watts, denied Mr. Vincent's appeal on 5 March 2010. In a letter to Mr. Vincent, Mr. Watts noted that a *nunc pro tunc* designation was "not consistent with the goals of the criminal justice system due to the nature of your state conviction, repetitive criminal conduct, and the intent of the court. Additionally, the credit you seek has already been credited toward your state sentence, however, your sentence has been updated to reflect the dates the

4

court requested." (Letter from Watts to Vincent of 3/5/10, at 2.) The present petition followed.

### Law and Analysis

Mr. Vincent asserts he is entitled to credit against his federal sentence for time he spent in state custody because the state offense resulted from the federal indictment. Citing 18 U.S.C. § 3585(b), petitioner maintains the language in the statute clearly directs the award of federal sentence credit in his case, as follows:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested <u>after the commission of the offense for which the sentence was imposed</u>;

18 U.S.C. § 3585(b)(emphasis added).

While the Petitioner acknowledges that he carries the burden of proof in this matter, he contends he has satisfied the requirement. As the state parole violation only occurred because Petitioner committed a federal crime he, thereby, reasons that it was the federal indictment that triggered his parole violation. As such, the "state charge" was borne of the federal charge. Mr. Vincent claims he would have been free, 'but for' the federal charges against him that resulted in his state parole violation. Relying upon <u>United States v. Harris</u>, 876 F.2d 1502 (11th Cir. 1989), <u>cert. denied</u>, 493 US 969 (1989) and <u>United States v. Richardson</u>, 901 F.2d 867 (10th Cir. 1990), as controlling

5

law, the Petitioner claims a prisoner is entitled to federal sentencing credit for time he spent in state custody when his state arrest is the result of a federal crime.

## Standard of Review

Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Based upon the facts set forth above, the Petitioner is not entitled to habeas relief in this matter.

## 28 U.S.C. § 2241

For prisoners seeking to challenge the "legality or duration" of confinement, habeas corpus proceedings are the proper mechanism. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. See 28 U.S.C. §§ 542.10-542.19. BOP Program Statement (PS) 1330.13, "Administrative Remedy Program," outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals)

6

form. Id. §§ 542.13, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." Id. § 542.15(a). Only after this three-step review process is completed, can a BOP inmate's claim be considered exhausted.

Mr. Vincent alleges he fully exhausted his administrative remedies, but that BOP failed to provide any response. A final response was issued by the National Inmate Appeals Administrator on 3 March 2010.[1] Thus, petitioner has fully exhausted his administrative remedies, albeit after drafting his petition.

### Sentence Credit

The Attorney General, through the BOP, calculates any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention. United States v. Wilson, 503 U.S. 329, 334-37 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Wilson, 503 U.S. at 335; United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"); 18 U.S.C.A. § 3585(b).

---

[1] In his petition, Mr. Vincent claims that after his appeal was partially granted on October 5, 2009, he has not "received any response in any manner whatsoever to this last appeal with the FBOP Administrative Remedy Process." (Pet. at 3.) A copy of the National Appeals Administrator's letter is attached to the petition, however.

7

A defendant can receive sentence credit for any time that she or he has been incarcerated prior to the commencement of her or his sentence if incarceration was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>." 18 U.S.C. § 3585(b)(emphasis added). Thus, a defendant cannot receive "a double credit for his [or her] detention time." <u>Wilson</u>, 503 U.S. at 337.

Mr. Vincent is not entitled to credit toward his current federal sentence for the entire 16 month period of time he seeks. The BOP awarded petitioner federal sentence credit from August 8, 2008, the date his state sentence expired, until September 2, 2008 when he was moved to federal prison. This latter period reflects a time in which Mr. Vincent was held solely because of a federal detainer lodged against him in state prison.

When Mr. Vincent was arrested by the state of West Virginia on 8 May 2007, he was in exclusive state custody. The federal court 'borrowed' him via writ of *habeas corpus ad prosequendum* to appear in federal court for his arraignment on 11 May 2007. He returned to local jail the same day and remained in a state facility until the court granted him credit on 8 August 2008 for time served. Because Mr. Vincent received credit toward service of his state sentence from 8 May 2007 until 8 August 2008, the statute forbids granting the same credit towards another sentence. <u>See</u> 18 U.S.C. § 3585(b); <u>Wilson</u>, 503 U.S. at 337; <u>McClain</u>, 9 F.3d at 505. If the Petitioner were credited for this time against his current federal sentence, he would receive

8

improper double credit. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; McClain, 9 F.3d at 505.

Mr. Vincent's contention that he is entitled to have the entire sixteen-month period credited to his federal sentence does not compel a different result. Relying upon the Tenth Circuit's opinion in Richardson, he maintains he was only charged with a state parole violation because he committed a federal crime. This argument is without merit. Richardson is distinguishable. First, the petitioner in Richardson was arrested by Denver police and charged with possession of cocaine. The possession charge was later dropped and petitioner was taken into federal custody on counterfeiting conspiracy charge. There, the question was whether the district court erred in crediting Richardson with time held in custody only from the date the state of Colorado dropped charges against him. The Tenth Circuit held that the federal conspiracy charge to which Richardson pled guilty was ongoing at least a week before his state arrest. From that, the court determined petitioner was entitled to credit for the time he spent in state custody because he was arrested on the possession charge "after the commission of the offense for which the sentence was imposed." Richardson, 901 F.2d at 870.

Unlike this matter, the prisoner in Richardson was exclusively in custody as a result of the federal charges. Further, there existed no state sentence to which Richardson could credit his 'in custody' time other than his federal sentence. Thus, Richardson, unlike the present case, did not involve a request for double credit.

Mr. Vincent also relies upon the Eleventh Circuit's decision in United States v. Harris, supra, 876 F.2d 1502, to contend that he is entitled to federal sentencing credit

9

for time spent in state custody when his state arrest is the result of a federal crime. Quoting the Fifth Circuit, the Harris court noted:

> Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement 'was exclusively the product of such action by Federal law-enforcement officials [so] as to justify treating the State jail as the practical equivalent of a Federal one.'

Harris, 876 F.2d at 1507 (quoting Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir. 1971)).

Unlike this matter, the federal authorities in Harris exclusively held the prisoner in custody. The facts clearly illustrate the active role the federal authorities played in petitioner's arrest and the state's merely facilitative role. The court explained:

> Here, the undisputed facts are that the United States agent of the DEA originated the action taken by the state and city officers. He sought a U.S. magistrate to obtain a warrant for the search of defendants' home. Not finding one readily available, he asked the local officers to seek a warrant from the available state judge. This was done, and the defendants were arrested after contraband was found in their room.

Id. Mr. Vincent was not in exclusive federal custody for the period in which he seeks federal sentencing credit pursuant to 18 U.S.C. § 3585(b). He has been granted credit on his state sentence for that period, and thus cannot receive double credit. Thus, for the reasons outlined above, he is not entitled to habeas relief.

10

### Conclusion

Based on the foregoing, this petition is denied pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

11